**Ramiro HERNANDEZ BALDERRAMA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25802.**

United States Court of Appeals Fifth Circuit.

Sept. 26, 1969.

Rehearing Denied Jan. 9, 1970.

C. David Evans, R. Norvell Graham, Jr., San Antonio, Tex., for appellant.

Jeremiah Handy, Reese Harrison, Jr., Asst. U. S. Attys., San Antonio, Tex., for appellee.

Before GEWIN, PHILLIPS * and GOLDBERG, Circuit Judges.

PER CURIAM:

Balderrama appeals from his conviction for failure to comply with the Universal Military Training and Service Act, 50 U.S.C. App. §§ 456(j) and 462 (a).

In 1963, while a student in high school, Balderrama registered with his Selective Service Board and subsequently completed his selective service classification questionnaire. When requested by his local board, Balderrama supplied a letter of explanation concerning his objection to war. He stated that he was a Minister of Jehovah God and a member of the religious sect of Jehovah's Witnesses. As a result the local draft board classified him I–O, conscientious objector, on January 15, 1964. Balderrama was still in high school at that time.

Next there followed a somewhat long and involved series of correspondence between Balderrama and his local board. The main theme of this voluminous correspondence was an attempt by Balderrama to obtain a IV–D (ministerial exemption) classification. Following his graduation from high school, he had become increasingly active in his religious group, attaining the status of Vacation Pioneer Minister, and felt that he was entitled to a classification as a minister. His local board did not agree and refused to alter his I–O classification. On February 14, 1966, in response to various Selective Service forms sent to him regarding the choice of civilian work as

* Judge Harry Phillips of the Sixth Circuit, sitting by designation.

a conscientious objector, the local board at Pearsall, Texas, received a letter from Balderrama stating that, due to his religious convictions, he could not accept any type of civilian work in lieu of induction. Balderrama concluded his letter by indicating that he would send the board additional information regarding his claim for a ministerial exemption. Chronologically the next significant piece of correspondence was a letter from the local board to Balderrama dated March 23, 1966. This letter indicated that the local board had met, considered his request for a ministerial exemption, and denied it.

Shortly thereafter on March 31, 1966, the local board received numerous supporting affidavits from local persons concerning the activities of Balderrama in the performance of his religious work. On the same date, March 31, 1966, the board replied to the registrant by letter, again denying his request for a ministerial exemption.

On April 20, 1966, the local board sent a letter to Balderrama acknowledging receipt of the verification that he was a bona fide Vacation Pioneer Minister and stating that such a position was not a basis for a IV–D classification.

The remaining correspondence and documents in appellant's Selective Service file are concerned with Balderrama's continued efforts to inform his local board that he was a Minister of Jehovah and reasserting his request for a ministerial exemption. The Board continued to classify him as a conscientious objector.

On September 18, 1966, appellant was ordered to report to his local board for the commencement of his civilian work as a conscientious objector. Balderrama appeared as ordered, but refused to proceed to the State Hospital as ordered by his local board. He was subsequently indicted, convicted and sentenced to a prison term of four years for failure to perform a duty required of him under the provisions of the Universal Military Training and Service Act.

A decision in this case was postponed pending the en banc consideration by this court in Robertson v. United States, No. 25099. The opinion in *Robertson* was announced September 25, 1969, 417 F.2d 440.

We conclude that affirmance of the conviction in the present case is required by *Robertson*.

Affirmed.